

# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

**ELECTRONICALLY FILED**
October 18, 2022 01:52 PM
**PAVAN PARIKH**
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1243779

**MARSHA REESE**                           **A 2203787**

vs.
**CINCINNATI METROPOLITAN HOUSING AUTHORITY**

FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND

PAGES FILED: 9

EFR200

John E. Schrider, Jr. (0014967)
Attorney for Plaintiff

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | |
|---|---|
| **MARSHA REESE**<br>547 West Liberty Street<br>Cincinnati, Ohio 45214 | : Case No.<br>:<br>: |
| Plaintiff, | : **COMPLAINT FOR INJUNCTIVE**<br>: **RELIEF, DECLARATORY** |
| -vs- | : **JUDGMENT, AND DAMAGES**<br>: |
| **CINCINNATI METROPOLITAN**<br>**HOUSING AUTHORITY**<br>1627 Western Avenue<br>Cincinnati, Ohio 45214 | : **JURY DEMAND ENDORSED HEREON**<br>:<br>:<br>: |
| Defendant. | :<br>: |

Now comes Plaintiff, Marsha Reese, by and through counsel, and for her complaint against Cincinnati Metropolitan Housing Authority, states:

### THE PARTIES

1. Plaintiff Marsha Reese resides at 547 West Liberty Street, Cincinnati, Ohio 45214, with her granddaughter, who is a minor.

2. Defendant Cincinnati Metropolitan Housing Authority (hereinafter "CMHA") is a public agency organized under the laws of Ohio, R. C. 3735.27, et seq., and is Ms. Reese's landlord.

### FACTS

3. Ms. Reese brings this action because CMHA has violated her rights under the United States Housing Act, 42 U.S.C. 1437, et seq., the Fair Housing Act, 42 U.S.C. 3601, et seq.; Section 504 of the Rehabilitation Act of 1973; and its duties as a landlord under Ohio law.

1

4. Ms. Reese has lived at Liberty Street Apartments for many years. The development has several buildings with approximately 130 apartments. It was constructed before 1940 and partially renovated many years ago.

5. From 2010 until 2021, Ms. Reese resided at 561 West Liberty St., Apartment 102, at Liberty Street Apartments.

6. Ms. Reese is a person with a permanent disability and has several serious health issues.

7. In the fall of 2020, Ms. Reese's granddaughter, Brooklyn Reese, now 16 years old, joined her household, so that the family requires a 2 bedroom unit with accessible features.

8. In late 2020, Ms. Reese requested a reasonable accommodation needing a first floor, 2 bedroom dwelling unit with no stairs.

9. In December of 2020, CMHA stated in writing to Ms. Reese that her request to transfer was approved.

10. For approximately one year, CMHA failed to provide a transfer to Ms. Reese to an appropriate dwelling unit and this constituted a denial of her request for a reasonable accommodation.

11. In the spring of 2021, a CMHA representative indicated to Ms. Reese that she might be able to receive a Housing Choice Voucher (HCV) to try to find a landlord to rent to her.

12. Ms. Reese was not reasonably able to utilize a Housing Choice Voucher (HCV) because of the extreme difficulty in finding an appropriate housing unit with landlords willing to participate in that program in Cincinnati. In addition, even if one finds a landlord to rent under the

HCV program, Landlords can stop participating in the program at will and terminate a month to month tenancy by giving notice.

13. On information and belief, there were several 2 bedroom dwelling units in Liberty Street Apartments that would meet Ms. Reese's family's needs, and since January of 2021, one or more of such units has been vacant or occupied by single person households who do not need a reasonable accommodation or a 2 bedroom unit.

14. CMHA's own policy and federal regulations require that units that meet accessibility needs be made available to households that need such units.

15. After a long period of time in November of 2021, CMHA offered Ms. Reese the apartment at 547 West Liberty Street.

16. Even though it was apparent that the apartment was in need of repair, Ms. Reese accepted the unit because her household needed a two-bedroom unit on the first floor.

17. Since moving into 547 West Liberty Street, there have been a series of problems with the apartment, including but not limited to water leaks coming into the apartment, mold, inadequate heating and cooling, and insect infestation.

18. In April of 2022, the conditions in Ms. Reese's apartment became so bad that she had to stay with relatives for about three weeks while CMHA attempted to make repairs.

19. After Ms. Reese returned to the apartment, problems continued including but not limited to water leaks, mold, and insect infestation.

20. As a result. Ms. Reese has requested that CMHA transfer her to another similar apartment in Liberty Street Apartments that is in good condition, but CMHA has failed to do that.

21. CMHA is and has been on notice of the bad conditions at Ms. Reese's apartment.

22. CMHA has unreasonably failed to remedy these defective conditions that exist at

its property. Such conditions have very seriously and materially affected Ms. Reese's health and safety.

23. In 2021, Ms. Reese made an administrative complaint to the U. S. Department of Housing and Urban Development alleging discrimination. The Ohio Civil Rights Commission handled the complaint and made an erroneous finding of no probable cause, which is nonbinding as a matter of law.

24. CMHA's treatment of Ms. Reese and her family has been outrageous and CMHA has acted with reckless and intentional disregard for Ms. Reese's rights.

## FIRST CLAIM
### (United States Housing Act and regulations)

25. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully rewritten.

26. CMHA has violated its obligations to provide accessible housing under the United States Housing Act and regulations.

27. As a direct and proximate result of CMHA's actions, Ms. Reese has suffered insult, humiliation, and emotional distress, as well as other damage, she is entitled to an award of actual damages and attorneys' fees pursuant to 42 U.S.C. Sections 1983 and 1988.

## SECOND CLAIM
### (Fair Housing Act, 42 U.S.C. 3601, et seq.)

28. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully rewritten.

29. CMHA discriminated against Ms. Reese because of her disability and failed to provide reasonable accommodation in violation of the Fair Housing Act.

30. As a direct and proximate result of CMHA's actions, Ms. Reese has suffered insult,

humiliation, and emotional distress, as well as other damage, she is entitled to an award of actual and punitive damages and attorneys' fees pursuant to 42 U.S.C. Section 3613.

## THIRD CLAIM
### (Section 504 of the Rehabilitation Act of 1973)

31. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully rewritten.

32. CMHA discriminated against Ms. Reese because of her disability and failed to provide reasonable accommodation in violation of the Section 504 of the Rehabilitation Act of 1973.

33. As a direct and proximate result of CMHA's actions, causing Ms. Reese has suffered insult, humiliation, and emotional distress, as well as other damages. She is entitled to an award of actual (though not compensation for emotional distress) and punitive damages and attorneys' fees.

## FOURTH CLAIM
### (Ohio Revised Code 5321.04 and 5321.12—Breach of Ohio Statutory Duty to Maintain Premises)

34. Ms. Reese realleges and incorporates by reference each of the preceding paragraphs as though fully rewritten herein.

35. CMHA has been responsible for the condition of the premises of Ms. Reese's housing, and has failed to maintain her home in decent, safe, and sanitary condition in violation of Ohio Revised Code 5321.04, Ms. Reese's lease, and the warranty of habitability.

36. CMHA's breach of duty is a violation of R.C. 5321.12. CMHA acted with reckless and intentional disregard for Ms. Reese's rights. Pursuant to R.C. 5321.12, CMHA's actions give rise to a claim for damages.

37. As a direct and proximate result of CMHA's reckless and intentional failure to meet

5

its obligation to maintain the premises in a decent, safe, and sanitary condition, Ms. Reese has suffered insult, humiliation, and emotional distress. Ms. Reese is, therefore, entitled to rent abatement, compensatory damages, punitive damages and attorney fees.

## FIFTH CLAIM
### (Tort)

38. Ms. Reese realleges and incorporates by reference each of the preceding paragraphs as though fully rewritten herein.

39. CMHA's actions and inactions constitute negligent, reckless, and intentional breach of its duty of ordinary care owed to Ms. Reese.

40. As a direct and proximate result of CMHA's breaches of the duties owed to Ms. Reese, she has been damaged and is entitled to recover compensatory damages, punitive damages and attorney's fees.

## SIXTH CLAIM
### (Breach of Lease)

41. Ms. Reese realleges and incorporates by reference each of the preceding paragraphs as though fully rewritten herein.

42. The actions and inactions of CMHA constitute a breach of Ms. Reese individual lease agreement and CMHA's policies which are incorporated by reference in the lease.

43. CMHA failed to provide safe, healthy, and accessible housing to Ms. Reese as required by the lease agreement and CMHA's policies.

44. As a direct and proximate result of CMHA's breach of obligations under the rental agreement, Ms. Reese has been harmed and is entitled to rent abatement and to recover actual damages.

## SEVENTH CLAIM
### (Cincinnati Municipal Code)

6

45. Ms. Reese realleges and incorporates by reference each of the preceding paragraphs as though fully rewritten herein.

46. CMHA's actions constitute a violation of the Cincinnati Municipal Code and give rise to a claim for damages pursuant to the Cincinnati Municipal Code Chapter 871. CMHA has acted with reckless or intentional disregard for Ms. Reese's rights.

47. As a direct and proximate result of CMHA's wrongdoing, Ms. Reese has been damaged and is entitled to rent abatement and to recover compensatory damages and punitive damages and attorneys' fees.

## EIGHTH CLAIM
### (Intentional Infliction of Emotional Distress)

48. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully rewritten.

49. CMHA has caused Ms. Reese to suffer insult, humiliation, and emotional distress. CMHA's actions have been extreme and outrageous and go beyond all bounds of decency.

50. As a direct and proximate result of CMHA's actions, causing Ms. Reese to suffer insult, humiliation, and emotional distress, she is entitled to an award of actual and punitive damages and attorneys' fees.

**WHEREFORE**, Plaintiff Marsha Reese prays that this Court render judgment on her behalf as follows:

    a. Order injunctive relief requiring CMHA to repair the defective housing conditions or, in the alternative, to provide alternative housing to Ms. Reese;

    b. Order injunctive relief enjoining CMHA from violating Ms. Reese's rights and prohibiting CMHA from taking any retaliatory actions against Ms. Reese;

c. Issue a Declaratory Judgment that CMHA has violated Ms. Reese's rights;

d. Award Ms. Reese compensatory damages in an amount to be determined at trial in excess of $25,000;

e. Award Ms. Reese punitive damages in an amount to be determined at trial in excess of $25,000;

f. Award Ms. Reese reasonable costs and attorneys' fees; and,

g. Award Ms. Reese costs and all other relief deemed necessary

Respectfully submitted,

*/s/ John E. Schrider, Jr.*

John E. Schrider, Jr. (#0014967)
Attorney for Marsha Reese
Legal Aid Society of Southwest Ohio, LLC
215 East Ninth Street, Suite 500
Cincinnati, Ohio 45202
Phone: (513) 241-9400 Fax: (513) 241-1187
E-mail: jschrider@lascinti.org

## JURY DEMAND

Defendant demands a trial by jury upon all issues so triable.

*/s/ John E. Schrider, Jr.*

John E. Schrider, Jr. (#0014967)
Attorney at Law

8

## INSTRUCTIONS FOR SERVICE

Please immediately issue a Summons and serve the Summons and Complaint upon the Defendant by certified U.S. mail service, return receipt requested, at the addresses below and make a return thereon as provided for by law:

Cincinnati Metropolitan Housing Authority
1627 Western Avenue
Cincinnati, Ohio 45214

*/s/ John E. Schrider*
John E. Schrider, Jr. (#0014967)
Attorney at Law

9

```
                    COURT OF COMMON PLEAS
                    HAMILTON COUNTY, OHIO
```

MARSHA REESE
    PLAINTIFF

                                                Use below number on
                                                all future pleadings

   -- vs --

                                     No. A 2203787
                                          SUMMONS

CINCINNATI METROPOLITAN HOUSIN
    DEFENDANT

   CINCINNATI METROPOLITAN HOUSING AUTHORITY
   1627 WESTERN AVENUE                      D - 1
   CINCINNATI OH 45214

You are notified
that you have been named Defendant(s) in a complaint filed by

   MARSHA REESE
   547 WEST LIBERTY STREET
   CINCINNATI OH 45214

                                                                         Plaintiff(s)
in the Hamilton County, COMMON PLEAS CIVIL Division,
**PAVAN PARIKH, 1000 MAIN STREET ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney             PAVAN PARIKH
JOHN E SCHRIDER                             Clerk, Court of Common Pleas
215 EAST NINTH ST SUITE 200              Hamilton County, Ohio
CINCINNATI      OH      45202

                                          By   RICK HOFMANN
                                                                 Deputy

                                          Date:   October 19, 2022

D136356130

**Exhibit A**